**HARDENBROCK, Plaintiff, v. WAITMAN et al, Defendants.**

Common Pleas Court, Butler County.

No. 64260. Decided November 28, 1949.

Hamilton & Kramer, Joseph R. Hague, Columbus, for plaintiff.

Fitton, Pierce & Black, Hamilton, for defendants.

## OPINION

By BOLI, J.

Plaintiff's petition contains the following paragraph:

"Plaintiff says that the above described third west bound tractor trailer consisted of a 1948 White Tractor, 1948 Ohio License No. 10-AS-99 and trailer attached thereto and was owned and operated by J. T. Shippley, 419 Ross Ave., Hamilton, Ohio, Albert Fritzwater of 1008 Ludlow Street, Hamilton, Ohio, and Donald Waitman of 2901 Freeman Avenue, Hamilton, Ohio under an Interstate Commerce Commission Permit No. MC 50836."

By motion defendants seek to require plaintiff to make this language definite and certain by alleging who of the three persons above named was the owner of the truck in question and by stating whether or not any of the three persons were acting in the capacity of agent for any of the others.

In this respect the above paragraph clearly states the three persons named were owners of the truck and therefore, this language could not be made any more certain. Since it is alleged the three persons named were the owners, it is also clear that no one or more of them could have been acting in the capacity of agent for any of the others.

Defendants also ask that the petition be made definite and certain by stating which of three persons was operating the truck at the time of the accident. Apparently counsel for defendants misconstrue the meaning of the word "operated" as used in this paragraph. It does not mean as counsel infer that the persons named were driving the truck. Rather it does mean that the three persons named were engaged in carrying on the business of operating the truck. This is evident from a reading of the full paragraph wherein it is stated the truck was owned and operated by the parties named under an Interstate Commerce Commission permit. In other words, they were carrying on the business of operating the truck under this permit.

The actual driver acting as agent or servant of the defendants is not named in the petition and since defendants are liable for the acts of their servant it is neither important or necessary that the driver be identified.

Because of this the motion will be overruled.

An identical motion to a similar paragraph contained in the case of Piqua Milling Company v. same defendants being case No. 64261 will follow the same rule.